Goldsmith, comptroller-general, *vs.* The Central Railroad Company.

[This case was argued at the last term, and the decision reserved.]

1. As to objection in respect to the title of the act, it is ruled in *The State vs. The Rome Railroad Company,* decided at this term.
2. The correct mode of taxing all the property of this company under existing laws is, first to estimate its railroad and appurtenances, including the branches, other than that portion which was formerly

the Macon and Western Railroad, at their true value, and to assess upon the same such per centage as will yield a revenue to the state equal to one-half of one per cent. upon its net annual income. If, however, this should exceed the general rate of taxation, then assess at the general rate, as in no case is the rate *ad valorem* imposed generally to be exceeded. Secondly, estimate all the other property of the company, including the Macon and Western Railroad, at its true value, just as if it belonged to a natural person, and upon this value assess at the general rate.

3. No proper return having been made by the Central Railroad and Banking Company, such as is required by the act of 1874, as a condition precedent to the remedy by affidavit of illegality returnable to the superior court of Fulton county, the affidavits should have been dismissed for want of jurisdiction —that remedy being good, and that court having jurisdiction only when such return is made. The remedy in equity by bill for injunction and relief is not before us.

WARNER, C. J., dissented.

Constitutional law. Tax. Laws. Jurisdiction. Before Judge GRICE. Fulton Superior Court. April Term, 1878.

The comptroller general issued two *fi. fas.* for tax for 1876 and 1877, and penalties for default, against the Central Railroad. Defendant filed an affidavit of illegality to each *fi. fa.*, claiming exemption under its charter from taxation other than one-half of one per cent. on net income; and alleging that it had returned and paid its legal tax; and that this property tax was illegal and illegally assessed against it. The cases were tried together and submitted to the court without a jury. The state moved to dismiss the affidavits because the defendant had not paid the tax required by law in accordance with the act of 1875 (p. 118, §12.) It also demurred to the affidavits on the following grounds :

1st. Because section 7th of the act of December 20, 1833, incorporating the Central Railroad and Canal Company of Georgia, and the 18th section of the act of December, 1835, amending said original act, by virtue of which defendant claims a special and limited rate of taxation, is void by reason of containing matter different from what is expressed in the title of said act.

2d. Because said railroad has no limited rate of taxation upon the banking capital of said company.

3d. Because said Central Railroad and Banking Company has not paid the tax required by law upon its increased capital stock of one million of dollars authorized by the act of December 13, 1859.

4th. Because said Central Railroad has not paid the property tax required by law upon the Milledgeville and Gordon Railroad.

5th. Because said Central Railroad and Banking Company has not paid the tax required by law upon its property known as the Western Railroad of Alabama.

6th. Because said Central Railroad and Banking Company has not paid the tax required by law upon the following property owned by it, and not being of the appurtenances of said road, to wit: Real estate of the value of $152,718.47; Savannah River Road, $300,000.00; steamboats Chattahoochee river, $85,000.00 ; 7,950 shares Ocean Steamship Company of Savannah, $795,000.00 ; 440 shares Vicksburg and Brunswick Railroad Company, $4,400.00 ; 4,361 shares Mobile and Girard Railroad, $4,445.00; 851 shares Atlantic and Gulf Railroad, $851.00 ; 800 shares Southern and Atlantic Telegraph Company, $1,700.00 ; 2 shares Mechanics' and Agricultural Association of Georgia, $500.00 ; Western Railroad of Alabama, $361,005.82; also, bonds of the city of Macon, of the value of $140,190.00; bonds of the Western Railroad of Alabama, $17,105.00 ; mortgage bonds of the Mobile and Girard Railroad, of the value of $500,000.00 ; bonds of the city of Columbus, of the value of $3,500.00 ; making, in the aggregate, the sum of $2,366,-414.47, for the years 1876 and 1877, and that taxes are due the state on said property for each of said years.

7th. Because the increased capital stock of said Central Railroad to the amount of one million of dollars, authorized by the act of December, 13, 1859, is liable to taxation under the acts of 1874, 1875, 1876, and 1877.

Evidence was introduced by both sides in relation to the

property mentioned in the sixth ground of the demurrer, and its value, which it is unnecessary to detail. Defendant also introduced evidence to show that no capital was set apart for banking, but that earnings from deposits, etc., were included in the return of the net income of the road. The defendant proved by W. L. Goldsmith, comptroller-general, that the taxes of defendant were duly given in for the years 1874, 1875 and 1876, both as to gross and net earnings and on the value of its property as required by the tax acts of those years, and that it paid the taxes of one-half of one per cent. per annum—he, as comptroller-general, sending printed forms on which to make their said annual returns. That for the year 1877, and after the decision of the supreme court of the United States was made, he only sent printed forms applicable to taxes on defendant's income, and it made for that year a return on such blank form of the amount of gross receipts and net income, which was received without objection or protest, and the taxes returned were duly paid.

That, after these were so made and accepted, and the taxes so paid, he, as comptroller-general, without notice to these railroad companies (*i. e.*, this and the Southwestern Railroad), or either, and without calling on them for any further or other return, issued these executions, based solely on the returns made by these roads, of the value of their property in 1874, under the act of that year.

Neither of said roads have paid any taxes on their property for the years for which these *fi. fas.* were issued, excepting that on their net income.

The presiding judge rendered the following judgment:

"The above case having, by agreement of counsel, been referred to me for decision upon the law and facts, it is, after argument, considered and adjudged that the limitation upon the taxing power fixed by the original charter of the company still exists, but that the extent of this limitation has not been determined either by the supreme court of this state or of the United States.

"I decide that the Savannah Railroad is part of the Cen-

tral; that it was built under the original charter of the Central Road, and that it is equally protected with the latter road from taxation.

" I also hold that the company is not subject to tax on its shares in the Ocean Steamship Company, including the Vale Royal property, nor on its stock in the Atlantic and Gulf Railroad, the Agricultural and Mechanical Association, the Mobile and Girard Railroad, and the Vicksburg and Brunswick Railroad.

"I also decide that none of the increased capital stock of the Central Railroad and Banking Company is liable, under existing laws, to taxation.

" I hold that taxes shown to be due on property of the company might be collected under these executions, but I am not able to determine what amount of taxes are still unpaid on such property.

" I therefore overrule the demurrer to the affidavit of illegality, and upon the proof, I sustain the illegality; but the state is not be precluded by this judgment from collecting, or attempting to collect hereafter, the tax for the years 1876 and 1877, on any of the property owned by the Central Railroad and Banking Company, and on which the tax for said years has not been paid, except that property specially mentioned in this judgment."

To this decision the state excepted.

R. N. Ely, attorney general; R. Toombs; D. M. DuBose, for plaintiff in error.

A. R. Lawton; Lyon & Gresham; N. J. Hammond, for defendant.

Jackson, Justice.

1. In this, as in the other cases for taxes between the state and the railroad companies, it was insisted that the tax limitation was matter in the act not authorized by the title, and therefore the limitation was void, it being unconstitutional. The point is ruled in the case of the *State vs. The*

*Rome Railroad Company,* this volume, *ante.* That ruling covers this case on this point.

2. We are of the opinion that under the laws as they now stand, this company is liable to be taxed at the rate named in the charter on its road and branches, except the Macon and Western Railroad, as the part from Macon to Atlanta was formerly called; and *ad valorem* as other property of other persons on the Macon and Western part of the road, and all its other property. If, however, the rate fixed in the charter should exceed the *ad valorem* rate, on the property liable to the tax, then only the general rate *ad valorem* should be levied.

In other words, first estimate the railroad and its appurtenances, including the branches, except that portion which was formerly the Macon and Western Railroad, at their true value, and assess upon the same such percentage as will yield a revenue to the state equal to one-half of one per cent. on the net annual income of the road and branches. If, however, this should exceed the general rate of taxation, then assess at the general rate, as in no case is the rate *ad valorem* imposed generally to be exceeded. Secondly, estimate all other property of the company, including the Macon and Western Railroad at its true value, just as if it belonged to a natural person, and upon this value assess at the general rate.

3. No such return as is required by the act of 1874, and amendments and modifications thereof since, having been made by this company, and this return being required as a condition precedent to entitle the company to its remedy at law in Fulton superior court by affidavit of illegality, the affidavits should have been dismissed by the superior court of that county for want of jurisdiction; and on that ground the judgment is reversed.

The remedy in the proper court of chancery for injunction and equitable relief is not now before us.

Judgment reversed.

BLECKLY, J., concurred.

WARNER, C. J., dissenting.

I dissent from the judgment of the court in this case on the ground that the assessment of the taxes by the comptroller-general, and the tax *fi. fas.* based thereon, were illegal, for the reasons stated in my dissenting opinion in the case of *The State vs. The Southwestern Railroad Company.*